NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 28 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHYLLIS AGUCHAK, as Guardian of Phyllis Rivers, and A.S and J.R, minor children, <br><br>        Plaintiffs-Appellees, <br><br>  v. <br><br> UNITED STATES OF AMERICA, <br><br>        Defendant-Appellant. | No.    17-36024 <br><br> D.C. No. 3:15-cv-00105-HRH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
H. Russel Holland, District Judge, Presiding

Argued and Submitted August 14, 2018
Anchorage, Alaska

Before: HAWKINS, McKEOWN, and OWENS, Circuit Judges.

In this action under the Federal Tort Claims Act, defendant-appellant the

United States appeals from the district court's judgment following a bench trial

imposing liability for the government's doctors' treatment of Phyllis Rivers,

daughter of plaintiff-appellee Phyllis Aguchak and mother of plaintiffs-appellees

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

A.S. and J.R. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Contrary to Aguchak's argument, the government's election not to move for more specific findings under Fed. R. Civ. P. 52(b) does not bar it from challenging the district court's recklessness finding as clearly erroneous. *Reliance Fin. Corp. v. Miller*, 557 F.2d 674, 681–82 (9th Cir. 1977).

2. Contrary to Aguchak's argument, the government's contentions on appeal are not barred by its pleadings, Fed. R. Civ. P. 36 admissions, and pre-trial representations. Aguchak does not identify any passage of the government's briefing disputing that the government's doctors knew that Rivers possibly had infective endocarditis ("IE") when she was admitted to Alaska Native Medical Center ("ANMC") or that she did, in fact, have IE. Nor are the passages inconsistent with the pre-trial materials Aguchak cites.

3. The district court did not clearly err in finding that the government's doctors acted recklessly. *See United States v. Working*, 224 F.3d 1093, 1102 (9th Cir. 2000) (en banc) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573–74 (1985))).

The district court found, the medical records show, and the government does not dispute that the ANMC staff "obtained an accurate medical history of [Rivers]

2

and properly examined" her upon admission; knew that Rivers had at least three minor Modified Duke Criteria ("MDC") for IE; and recognized on that basis that she possibly had IE. These facts gave doctors "reason to know" that there was a substantial risk of misdiagnosis. Restatement (Second) of Torts § 500 cmt. a (Am. Law Inst. 1965) ("Second Restatement"). Contrary to the government's argument, therefore, this is not a case where the defendant was unaware of danger-creating circumstances and was thus negligent at worst. *Cf. Hayes v. Xerox Corp.*, 718 P.2d 929, 935 (Alaska 1986).

Ample evidence, moreover, supported the court's conclusion that the government's doctors unjustifiably rejected IE as a diagnosis and ended antibiotic treatment. *See* Second Restatement § 500 cmt. a ("[T]he risk must itself be an unreasonable one under the circumstances."). Aguchak's infectious-disease expert, Dr. Hosea, whose testimony the district court credited, testified that there was no sound medical basis for the doctors' conclusions that Rivers was suffering from "pregnancy-induced vasculitis" and that her possible IE syndrome had resolved with four days of antibiotic therapy—and thus that there was no sound medical basis for the doctors to reject IE as a diagnosis under the MDC.

Finally, the evidence established—or at least could plausibly be viewed as having established—that both the risk and severity of harm to Rivers posed by a misdiagnosis of IE were extreme and that the government's doctors knew, or

3

should have known, that fact.  *See* Second Restatement § 500 cmt. a ("[Recklessness] must involve an easily perceptible danger of death or substantial physical harm, and the probability that it will so result must be substantially greater than is required for ordinary negligence.").  Dr. Hosea was unequivocal that left untreated, IE inevitably causes catastrophic injury or death.  He also testified that given the extreme risk of catastrophic injury following a misdiagnosis *and* the government doctors' inability to properly rule out IE under the MDC, the doctors should have continued to treat Rivers with antibiotics as if she had a confirmed case.  This testimony amply supports the district court's finding that Rivers's doctors "knew of her predisposition to serious risk if she had contracted IE" yet recklessly "failed to diagnose and treat it."

4.  Because the district court's recklessness finding was not clearly erroneous, the court did not err in refusing to cap its award of noneconomic damages to $400,000.  *See* Alaska Stat. § 09.55.549(e)–(f).

**AFFIRMED.**